NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of E.D., K.D., J.D., and M.D., )
children.                                       )
_____ )
                                                )
S.L.,                                           )
                                                )
            Appellant,                          )
                                                )
v.                                              )        Case No. 2D15-2770
                                                )
DEPARTMENT OF CHILDREN AND                      )
FAMILIES, and GUARDIAN AD                       )
LITEM PROGRAM,                                  )
                                                )
            Appellees.                          )
_____ )

Opinion filed December 30, 2015.

Appeal from the Circuit Court for Lee
County; Lee A. Schreiber, Judge.

Toni A. Butler of Alderuccio & Butler, LLC,
Naples, for Appellant.

Meredith K. Hall, Appellate Counsel,
Children's Legal Services, Bradenton, for
Appellee Department of Children and
Families.

Laura Lawson, Statewide Guardian Ad
Litem Office, Sanford, for Appellee
Guardian Ad Litem Program.

KHOUZAM, Judge.

Because competent substantial evidence supports it, we affirm the final judgment that terminated the mother's parental rights to her four children. We are compelled to write to remind the trial court about the strict time frames in cases involving the termination of parental rights.

The adjudicatory hearing in this termination case was held from September 30 through October 2, 2014. At the conclusion of the hearing, the trial court announced that it would reserve ruling until it had reviewed the documents in evidence and orders entered by the judge who had presided over the case from January through October 2012. The court asked counsel for the parties to submit proposed judgments within two weeks. It appears that counsel submitted their proposals to the judge's assistant via email within that time. The trial court, however, did not render the final judgment until June 10, 2015—over eight months after the termination hearing, and only after the Guardian Ad Litem filed a motion for ruling on petition for termination of parental rights.

The trial court's eight-month delay from the adjudicatory hearing to issuing its final judgment terminating parental rights is beyond the general sixty-day time required by Florida Rule of Judicial Administration 2.215(f) and does not comply with Florida's public policy of expediting termination proceedings. See Fla. R. Jud. Adm. 2.215(g); § 39.0136(1), Fla. Stat. (2014) ("[T]ime is of the essence for establishing permanency for a child in the dependency system."). During the eight-month delay, several events occurred that required judicial review, including a change of custody that separated the younger children from the older ones.

We take this occasion to emphasize to all judges who preside over dependency and termination proceedings within this court's jurisdiction that strict compliance with the rules and statutes governing the time frames in dependency and termination cases is not only expected, it is required.

Affirmed.

NORTHCUTT and SALARIO, JJ., Concur.